Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
445 S. Figueroa Street
Suite 3100
Los Angeles, California 90071
Telephone: (213) 426-2137

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPLASH NEWS AND PICTURE AGENCY, LLC,<br><br>    *Plaintiff*,<br><br>v.<br><br>MOSCHINO S.P.A., JEREMY SCOTT, and BELCALIS MARLENIS ALMÁNZAR p/k/a CARDI B,<br><br>    *Defendants*. | Case No.: 2:19-cv-9220<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>*Jury Trial Demanded* |

Plaintiff Splash News and Picture Agency, LLC, for its Complaint against defendants Moschino S.p.A., Jeremy Scott, and Belcalis Marlenis Almánzar, professionally known as Cardi B (collectively "Defendants"), alleges as follows:

1. This is an action for copyright infringement brought by Splash, the holder of the copyright to the Photographs described below, against all Defendants for uses of Splash's Photographs without authorization or permission.

## JURISDICTION AND VENUE

2. This is an action for copyright infringement under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question), and § 1338 (copyright).

3. Defendant Moschino is subject to the general or specific personal jurisdiction of this Court because the claims against it arise from its contacts with the State of California, Moschino transacts business here, has agents here—including defendant Jeremy Scott, its Creative Director—or are otherwise found in and has purposely availed themselves of the privilege of doing business here.

4. This Court has personal jurisdiction over defendant Jeremy Scott because he resides and transacts business in the State of California and this judicial district and is otherwise found in this judicial district.

5. This Court has personal jurisdiction over defendant Cardi B because she is a resident of the State of California and this judicial district.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1), (b)(2), and/or (b)(3), as well as 28 U.S.C. § 1400(a).

**PARTIES**

7. Plaintiff Splash News and Picture Agency, LLC is an entity organized and existing under the laws of the nation of the State of Nevada with its principal place of business in Los Angeles, in this District.

8. Splash is the world's leading celebrity and breaking news agency, licensing images, video, and stories to top publishers around the world, including in the United States and in California.

9. Defendant Moschino is an entity organized and existing under the laws of the country of Italy designing and selling high-end apparel. The Moschino brand is among fashion's most prominent names. Moschino sells at its own boutique stores around the world—including New York, and in this District, in West Hollywood—as well as through the world's highest-end department stores.

10. Defendant Scott, an individual, is an independent fashion designer and the creative director for Moschino and on information and belief, is a resident of Los Angeles County.

11. Defendant Cardi B is an American rapper, songwriter, television personality, businesswoman, and entrepreneur who, on information and belief, frequently transacts business in Los Angeles by way of numerous business partnerships with California companies.

12. Splash is informed and believes and on that basis alleges that at all relevant times each of the defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining defendants and was at all times acting within the scope of such relationship, or actively participated in or subsequently ratified and adopted each of the acts alleged, with full knowledge of all the facts and circumstances, including but not limited to, full knowledge of each and every violation of Splash's rights and damages to Splash proximately caused by such violation.

## BACKGROUND FACTS

**A.  The Infringed Images**

13. Splash is the owner and exclusive copyright holder of the following photographic images ("Photographs"), which are part of a series of photographs depicting Cardi B in public wearing a Moschino dress designed by Scott:

    a.  Image 1 depicts Cardi B in a New York City street crosswalk wearing the dress;

    b.  Image 2 depicts Cardi B on a New York City sidewalk wearing the dress.

14. The Photographs were registered to Splash with the U.S. Copyright Office with Registration No. VA 2-102 545 (eff. May 11, 2018) in compliance with the Copyright Act.

15. The Photographs were licensed for limited use to The Daily Mail, which published both Image 1 and Image 2 to its website on or about May 9, 2018.

16. Both of the Photographs published by The Daily Mail contained copyright management information ("CMI") in the form of a watermark at the bottom left corner that stated "© Ordonez / Opi / Splash News."

**B.     Defendants' Unauthorized Uses**

17. Splash never licensed the Photographs to defendants. Nevertheless, defendants used the Photographs without authorization or permission from Splash to do so.

18. Specifically, on May 11, 2018, Moschino copied Image 1, then displayed and distributed it on Twitter via the @moschino account.

19. The copy of Image 1 that Moschino displayed and distributed on Twitter had been altered or "cropped" so that the CMI was removed and no longer visible.

20. Moschino has a large number of Twitter followers—over 429 thousand—and its Twitter feed is open and viewable to the public.

21. In addition, on May 11, 2018, Moschino copied Image 1, then displayed and distributed it on Facebook on the "MOSCHINO – the official account" page.

22. The copy of Image 1 that Moschino displayed and distributed on Facebook had been altered or "cropped" so that the CMI was removed and no longer visible.

23. On information and belief, Moschino's display and distribution of Image 1 on Twitter and Facebook were for the purpose of promoting its product, which Cardi B was wearing in the image.

24. Within hours of first publication by The Daily Mail on May 9, 2018, Scott also copied Image 1, then displayed and distributed it on Instagram via the @itsjeremyscott account.

25. The copy of Image 1 that Scott displayed and distributed on Instagram had been altered or "cropped" so that the CMI was removed and no longer visible.

26. Scott has a large number of Instagram followers—approximately 2.2 million—and his Instagram page is open and viewable to the public.

27. On information and belief, Scott's display and distribution of Image 1 on Instagram was for the purpose of promoting its product, which Cardi B was wearing in the image.

28. In addition, on or about June 8, 2018, Cardi B copied Image 2, then displayed and distributed in on Instagram via the @iamcardib account.

29. The copy of Image 2 that Cardi B displayed and distributed on Instagram had been altered or "cropped" so that the CMI was removed and no longer visible.

30. Cardi B has a large number of Instagram followers—approximately 52.7 million—and her Instagram page is open and viewable to the public.

**C.     Systemic Piracy Destroys the Value of the Creators' Work.**

31. Splash conducts business as a syndicator of photos. The syndication business model is predicated on licensing the use of work in multiple outlets, each of which pays a fee to publish. No single fee can compensate for the work. The business plan of syndicators depends on multiple sales in the weeks after a feature is released for publication, which occasional licensing thereafter.

32. Individuals and entities in the media industries—like defendants—know that repeated, almost instantaneous acts of content piracy destroy the syndication value of the work of content creators and copyright owners.

33. Defendants' theft of plaintiff's work illustrates the process whereby commercial piracy of content not only deprives the owner of license fees but also destroys the syndication value of the work. Legitimate publications to which Splash looks to pay syndication fees are unwilling to pay for work that is already widely disseminated on the internet for free by pirate sites.

34. The Photographs are highly creative, distinctive, and valuable. Because of Cardi B's celebrity status, and the Photographs' visual appeal, plaintiff (and the photographer it represents) stood to gain licensing revenue from licensing the Photographs.

35. But defendants' unauthorized uses harm the existing and future market for the original Photographs. Defendants' infringements made the Photographs immediately available to millions of people, consumers of entertainment news—and especially news and images of Cardi B herself—who would otherwise be interested in viewing licensed versions of the Photographs in the magazines and newspapers that are plaintiff's customers.

36. In addition, defendants' unauthorized uses are commercial in nature. Defendants use their social media accounts for the purposes of promotion—specifically, to promote products, business interests, projects, and ventures; and to maintain and increase individual visibility and desirability. In short, every one of defendants' social media posts is fundamentally promoting something to millions of followers.

37. Moreover, defendants' unauthorized use of the Photographs were intended to, and did in fact, promote a product of Moschino and Scott.

**D.    Facts That Support a Finding of Willful Infringement**

38. On information and belief, at the time that defendants copied and distributed the Photographs, they knew or should have known that they did not have authorization or permission to do so.

39. Before defendants' infringements, on May 9, 2018, Splash notified Moschino about the Photographs and offered a license for internal or social media use.

40. Nevertheless, defendants copied and distributed Splash's Photographs even after being aware of Splash's ownership in the Photographs as set forth above.

41. On May 14, 2018, Splash notified defendant Moschino and Scott of the infringements through Moschino representatives.

42. Nevertheless, on June 8, 2018, Cardi B copied Image 2 and distributed it on Instagram via the @iamcardib account.

43. Defendants did not disclose their unauthorized uses of the Photographs to plaintiff or seek permission to use the Photographs. But for plaintiff's discovery of defendants' authorized uses, their infringements would still be concealed.

## CLAIM ONE

### (For Copyright Infringement – Against All Defendants)

44. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

45. Plaintiff is the copyright owner of the protected Photographs named above in this Complaint.

46. Each of the defendants has reproduced, displayed, distributed, or otherwise copied the Photographs without plaintiff's license, authorization, or permission.

47. The foregoing acts of defendants infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their works to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

48. Plaintiff has complied in all respects with 17 U.S.C. §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyrights of the above-referenced works in accordance with 17 U.S.C. § 408.

49. Plaintiff suffered damages as a result of defendants' unauthorized use of the Photographs.

50. Having timely registered their copyright in the Photographs, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

51. Plaintiff is informed and believes and on that basis alleges that defendant's acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory

damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

52. In the alternative, plaintiff is entitled to recover its actual damages and defendant's profits attributable to the infringement of the Photographs, under 17 U.S.C. § 504(b).

53. Within the time permitted by law, plaintiff will make its election between actual damages, and profit disgorgement, or statutory damages.

54. Plaintiff is also entitled to a discretionary award of attorney fees under 17 U.S.C. §§ 412 and 505.

## CLAIM TWO

### (For Vicarious and/or Contributory Copyright Infringement – Against All Defendants)

55. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

56. If defendants are not individually liable as a direct infringer of the Photographs, they are secondarily liable for the infringements directly committed by individual agents, contractors, or other infringers presently unknown (the "Direct Infringers").

57. Defendants contributed to, induced, or assisted infringements by the Direct Infringers. Those Direct Infringers infringed while acting under defendants direction and control and/or using technology, facilities, and support services provided by her.

58. Defendants had, or should have had, knowledge of the infringements of the Direct Infringers. Further, the Photographs were published on defendants' social media accounts and defendants were, or should have been, aware of that fact.

59. Defendants had the right and ability to supervise the infringing activity that all the Direct Infringers committed because the infringements occurred on their social accounts.

60. Defendants obtained some financial benefit from the infringement of plaintiff's rights in the Photographs because they were a draw for viewers of their accounts regardless of the revenue received. Accordingly, defendants had an incentive to permit infringement by the Direct Infringers.

61. As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

62. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

63. Within the time permitted by law, plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

64. Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

65. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

### CLAIM THREE
### (For Vicarious and/or Contributory Copyright Infringement – Against Moschino)

66. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

67. Defendant Moschino is secondarily liable for the infringements directly committed by Scott, Cardi B, and/or their agents.

68. On information and belief, defendant Moschino contributed to, induced, or assisted infringements by Scott, Cardi B, and/or their agents, who infringed while acting under Moschino's direction and control and/or using technology, facilities, and support services provided by it.

69. Defendant Moschino had, or should have had, knowledge of the infringements of Scott, Cardi B, and/or their agents. Further, the Photographs were published on the social media accounts of Scott and Cardi B for the benefit of Moschino—namely, to promote a Moschino product—and Moschino was, or should have been, aware of that fact.

70. On information and belief, defendant Moschino had the right and ability to supervise the infringing activity that Scott, Cardi B, and/or their agents committed because the infringements were for the purpose of promoting a Moschino product.

71. Defendant Moschino obtained some financial benefit from the infringement of plaintiff's rights in the Photographs because they promoted a Moschino product. Accordingly, defendant Moschino had an incentive to permit infringement by Scott, Cardi B, and/or their agents.

72. As a direct and proximate result of said acts of secondary infringement, plaintiff has suffered substantial damages in an amount to be proven at trial.

73. Plaintiff is entitled to actual damages and disgorgement of direct and indirect profits realized by defendant in an amount to be proven at trial or, at its election, statutory damages.

74. Within the time permitted by law, plaintiff will make his election between actual damages and profit disgorgement, or statutory damages.

75. Plaintiff is further entitled to attorney fees and costs under 17 U.S.C. § 505.

76. Plaintiff is informed and believes and on that basis alleges that defendants' acts of copyright infringement, as alleged above, were willful, intentional, and malicious, which further subjects defendants to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000 per infringement. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

## CLAIM FOUR

**(For Alteration of Copyright Management Information in Violation of 17 U.S.C. 1202 – Against All Defendants)**

77. Plaintiff realleges and incorporates by reference the allegations contained in the preceding paragraphs of this Complaint as if fully set forth here.

78. On information and belief, defendants, or someone acting on their behalf, removed or altered copyright management information ("CMI") from the Photographs without authorization of plaintiff or the law and then distributed the Photographs, with the CMI removed or altered, without the authorization of plaintiff or the law.

79. On information and belief, defendants' removal or alteration of the CMI from the Photographs was intentional, and defendants' distribution of the Photographs was with knowledge that the CMI had been removed or altered without authorization.

80. Defendants' actions alleged above constitute a violation of 17 U.S.C. § 1202.

81. Plaintiff has suffered damages as a result of defendant's violation of 17 U.S.C. § 1202.

82. Within the time permitted by law, plaintiff will make its election between actual damages and statutory damages.

# PRAYER FOR RELIEF

WHEREFORE, Splash requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with them from further copying, displaying, distributing, selling, or offering to sell plaintiff's Photographs described in the Complaint;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Photographs used in violation of plaintiff's copyrights—including digital copies or any other means by which they could be used again by the defendant without plaintiff's authorization—as well as all related records and documents.

D. Under 17 U.S.C. § 1203, for actual damages for the unauthorized alteration or removal of copyright information or, where applicable and at plaintiff's election, statutory damages of not less than $2,500 or more than $25,000.

E. For actual damages and all profits derived from the unauthorized use of plaintiff's Photographs or, where applicable and at plaintiff's election, statutory damages.

F. For an award of pre-judgment interest as allowed by law;

G. For reasonable attorney fees.

H. For court costs, expert witness fees, and all other amounts authorized under law.

I. For such other and further relief as the Court deems just and proper.

Dated: October 26, 2019            **PERKOWSKI LEGAL, PC**

By:   /s/ Peter Perkowski
     Peter E. Perkowski

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC

## JURY TRIAL DEMAND

Splash demands a trial by jury of all issues permitted by law.

Dated:  October 26, 2019                Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By:     /s/ Peter Perkowski
         Peter E. Perkowski

Attorneys for Plaintiff
SPLASH NEWS AND PICTURE AGENCY, LLC