David J. Williams (CA State Bar No. 236919)
    dwilliams@mabr.com
MASCHOFF BRENNAN
100 Spectrum Center Drive, Suite 1200
Irvine, California 92618
Telephone:  (949) 202-1900
Facsimile:   (949) 453-1104

C.J. Veverka (*pro hac vice forthcoming*)
    cveverka@mabr.com
Alexis K. Juergens (*pro hac vice forthcoming*)
    ajuergens@mabr.com
MASCHOFF BRENNAN
1389 Center Drive, Suite 300
Park City, Utah 84098
Telephone: (435) 252-1362
Facsimile: (435) 252-1361

ATTORNEYS FOR DEFENDANT MOSCHINO, S.P.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SPLASH NEWS AND PICTURE AGENCY, LLC,** | Case No.: 2:19-cv-9220<br>Hon. George H. Wu |
| *Plaintiff,* | |
| v. | **ANSWER AND COUNTERCLAIMS BY DEFENDANT MOSCHINO S.P.A. TO COMPLAINT** |
| **MOSCHINO S.P.A., JEREMY SCOTT,** and **BELCALIS MARLENIS ALMANZAR p/k/a CARDI B,** | **DEMAND FOR JURY TRIAL** |
| *Defendants.* | |

1

**MOSCHINO S.P.A.,**

2

    *Counterclaimant,*

3

4

v.

5

**SPLASH NEWS AND PICTURE**
**AGENCY, LLC, ELDER ORDONEZ,**

6

and **DOES 1-10, inclusive,**

7

    *Counterdefendants.*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Defendant Moschino S.P.A. ("Moschino" or "Defendant"), by and through its

2    counsel, state the following Answer and Counterclaims in response to Plaintiff Splash

3    News and Picture Agency, LLC's ("Splash" or "Plaintiff") Complaint.

4        1.    Moschino lacks the knowledge or information sufficient to form a belief

5    about and to definitively confirm the truth or complete accuracy of the allegations and

6    information in paragraph 1, and on that basis denies the same.

7                          **JURISDICTION AND VENUE**

8        2.    The allegations in this paragraph are legal arguments and/or conclusions,

9    therefore no response is required. To the extent the allegations are construed to allege any

10   facts, they are denied, except that Moschino admits that Splash purports to bring an

11   action for copyright infringement and that subject matter jurisdiction appears to be proper

12   in this Court.

13       3.    Moschino admits that it transacts business and has agents in the State of

14   California and that Jeremy Scott is its Creative Director. The remaining allegations in this

15   paragraph are legal arguments/or conclusions, and therefore no response is required.

16   Moschino denies any remaining allegations of paragraph 3 of the Complaint.

17       4.    Moschino lacks knowledge or information sufficient to form a belief about

18   and to definitively confirm the truth or complete accuracy of the allegations in paragraph

19   4, and on that basis denies the same.

20       5.    Moschino lacks knowledge or information sufficient to form a belief about

21   and to definitively confirm the truth or complete accuracy of the allegations in paragraph

22   5, and on that basis denies the same

23       6.    Moschino admits, on information and belief, that venue appears to be proper

24   in this Court.

25   / / /

26   / / /

27   / / /

28

1

**DEFENDANT MOSCHINO S.P.A. ANSWER AND
COUNTERCLAIMS TO COMPLAINT**

1

**PARTIES**

2    7.    Moschino lacks knowledge or information sufficient to form a belief about
3  and to definitively confirm the truth or complete accuracy of the allegations in paragraph
4  7, and on that basis denies the same.

5    8.    Moschino lacks knowledge or information sufficient to form a belief about
6  and to definitively confirm the truth or complete accuracy of the allegations in paragraph
7  8, and on that basis denies the same.

8    9.    Moschino admits that it is organized and existing under the laws of Italy and
9  that it conducts business in this District. Moschino also admits that it sells high-end
10  apparel and is among fashion's most prominent names, selling products at its own
11  boutique stores and other stores around the world. Moschino denies any remaining
12  allegations of paragraph 9 of the Complaint.

13    10.    Moschino admits that Jeremy Scott is its Creative Director. Moschino lacks
14  knowledge or information sufficient to form a belief about and to definitively confirm the
15  truth or complete accuracy of the allegations in paragraph 10, and on that basis denies the
16  same.

17    11.    Moschino lacks knowledge or information sufficient to form a belief about
18  and to definitively confirm the truth or complete accuracy of the allegations in paragraph
19  11, and on that basis denies the same.

20    12.    The allegations in this paragraph are legal arguments and/or conclusions,
21  therefore no response is required. To the extent the allegations are construed to allege any
22  facts, they are denied.

23

**BACKGROUND FACTS**

24

**A.    The Allegedly Infringed Images**

25    13.    Moschino lacks knowledge or information sufficient to form a belief about
26  and to definitively confirm the truth or complete accuracy of the allegations in paragraph
27  13, and on that basis denies the same except for the following:

28

2

**DEFENDANT MOSCHINO S.P.A. ANSWER AND**
**COUNTERCLAIMS TO COMPLAINT**

    a.  Moschino admits that Image 1 depicts Cardi B in a New York City street crosswalk wearing a Moschino dress designed by Jeremy Scott. Moschino denies any remaining allegations of paragraph 13a of the Complaint.

    b.  Moschino admits that Image 2 depicts Cardi B on a New York City sidewalk wearing a Moschino dress designed by Jeremy Scott. Moschino denies any remaining allegations of paragraph 13b of the Complaint.

14.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 14, and on that basis denies the same.

15.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 15, and on that basis denies the same.

16.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 16, and on that basis denies the same.

**B.**    **Defendants' Alleged Unauthorized Uses**

17.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 17, and on that basis denies the same.

18.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 18, and on that basis denies the same.

19.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 19, and on that basis denies the same.

/ / /

/ / /

3

**DEFENDANT MOSCHINO S.P.A. ANSWER AND**
**COUNTERCLAIMS TO COMPLAINT**

20.     Moschino admits that as of October 26, 2019 it had a significant number of followers on its Twitter feed and that it's Twitter feed is open and viewable to the public. Moschino denies any remaining allegations of paragraph 20 of the Complaint.

21.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 21, and on that basis denies the same.

22.     Denied.

23.     Denied.

24.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 24, and on that basis denies the same.

25.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 25, and on that basis denies the same.

26.      Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 26, and on that basis denies the same.

27.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 27, and on that basis denies the same.

28.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 28, and on that basis denies the same.

29.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 29, and on that basis denies the same.

**DEFENDANT MOSCHINO S.P.A. ANSWER AND
COUNTERCLAIMS TO COMPLAINT**

1    30.    Moschino lacks knowledge or information sufficient to form a belief about

2 and to definitively confirm the truth or complete accuracy of the allegations in paragraph

3 30, and on that basis denies the same.

4    **C.    Plaintiffs Allegations that Systemic Piracy Destroys the Value of the**

5       **Creators' Work.**

6    31.    Moschino lacks knowledge or information sufficient to form a belief about

7 and to definitively confirm the truth or complete accuracy of the allegations in paragraph

8 31, and on that basis denies the same.

9    32.    Moschino lacks knowledge or information sufficient to form a belief about

10 and to definitively confirm the truth or complete accuracy of the allegations in paragraph

11 32, and on that basis denies the same.

12    33.    Denied.

13    34.    Denied.

14    35.    Denied.

15    36.    Denied.

16    37.    Denied.

17    **D.    Facts that Allegedly Support a Finding of Willful Infringement**

18    38.    Denied.

19    39.    Moschino lacks knowledge or information sufficient to form a belief about

20 and to definitively confirm the truth or complete accuracy of the allegations in paragraph

21 39, and on that basis denies the same.

22    40.    Denied.

23    41.    Moschino lacks knowledge or information sufficient to form a belief about

24 and to definitively confirm the truth or complete accuracy of the allegations in paragraph

25 41, and on that basis denies the same.

26 / / /

27 / / /

28

**DEFENDANT MOSCHINO S.P.A. ANSWER AND**
**COUNTERCLAIMS TO COMPLAINT**

42.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 42, and on that basis denies the same.

43.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

<b>CLAIM ONE</b>

<b>(For Alleged Copyright Infringement –Against All Defendants)</b>

44.     This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Moschino denies them.

45.     Denied.

46.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

47.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

48.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

49.     Denied.

50.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

51.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

<b>DEFENDANT MOSCHINO S.P.A. ANSWER AND<br>COUNTERCLAIMS TO COMPLAINT</b>

52.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

53.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

54.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

## CLAIM TWO

### (For Alleged Vicarious and/or Contributory Copyright Infringement –Against All Defendants)

55.    This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Moschino denies them.

56.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

57.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

58.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

59.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

60.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

61.    Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

62.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

63.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

64.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

65.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

**CLAIM THREE**

**(For Alleged Vicarious and/or Contributory Copyright Infringement—Against Moschino)**

66.    This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Moschino denies them.

67.    The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

8

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

68. The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

69. The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

70. The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

71. Denied.

72. Denied.

73. Denied.

74. The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

75. The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

76. The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

## CLAIM FOUR

**(For Alteration of Copyright Management Information in Violation of**

**17 U.S.C. 1202 – Against All Defendants)**

77. This paragraph realleges facts for which further response is not required. To the extent that this paragraph contains factual allegations, Moschino denies them.

9

**DEFENDANT MOSCHINO S.P.A. ANSWER AND**
**COUNTERCLAIMS TO COMPLAINT**

78.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

79.     Moschino lacks knowledge or information sufficient to form a belief about and to definitively confirm the truth or complete accuracy of the allegations in paragraph 43, and on that basis denies the same.

80.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

81.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

82.     The allegations in this paragraph are legal arguments and/or conclusions, therefore no response is required. To the extent the allegations are construed to allege any facts, they are denied.

## PRAYER FOR RELIEF

Moschino denies that Plaintiff is entitled to any relief on its Complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where such burden properly rests with Plaintiff, Moschino asserts the following affirmative defenses to Splash's Complaint.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Complaint, and each of its claims for relief, fails to state a claim against Defendant upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (No Infringement)

The Complaint is barred, in whole or in part, because Defendant did not copy or

DEFENDANT MOSCHINO S.P.A. ANSWER AND
COUNTERCLAIMS TO COMPLAINT

reproduce any of Plaintiff's allegedly copyrighted works or in any other way infringe Plaintiff's alleged copyright.

### THIRD AFFIRMATIVE DEFENSE

### (Fair Use)

Plaintiff's claims are barred by the doctrine of fair use.  Any use by Defendant of any of Plaintiff's copyrights is protected under the copyright's fair use doctrine, as codified in 17 U.S.C. § 107.

### FOURTH AFFIRMATIVE DEFENSE

### (Public Domain)

The complaint is barred, in whole or in part, because the material allegedly used by Defendant is in the public domain, and therefore is not subject to copyright protection.

### FIFTH AFFIRMATIVE DEFENSE

### (No Copyright Protection)

The Complaint is barred, in whole or in part, because even if some copyrighted material allegedly owned by Plaintiff was used by Defendant, those materials were not original works of authorship and therefore are not subject to copyright protection.

### SIXTH AFFIRMATIVE DEFENSE

### (No Standing)

The Complaint is barred, in whole or in part, because Plaintiff does not have standing to bring his claims since, inter alia, Plaintiff is the holder of neither the legal nor beneficial interests required to bring infringement suits under 17 U.S.C. § 501(b) for the works in questions.

### SEVENTH AFFIRMATIVE DEFENSE

### (Insufficient Creativity)

The Complaint is barred, in whole or in part, because even if some copyrighted material allegedly owned by Plaintiff was used by Defendant, those materials did not contain the minimal level of creativity necessary for copyright protection.

**DEFENDANT MOSCHINO S.P.A. ANSWER AND
COUNTERCLAIMS TO COMPLAINT**

**EIGHTH AFFIRMATIVE DEFENSE**

**(Substantial Similarity)**

The Complaint is barred, in whole or in part, because nothing utilized by Defendant was substantially similar to any protected expression owned by Plaintiff.

**NINTH AFFIRMATIVE DEFENSE**

**(Independent Creation)**

The Complaint is barred, in whole or in part, because the copyrighted material at issue in this suit was independently created and was not taken from Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

**(De Minimis/Incidental Use)**

The Complaint is barred, in whole or in part, because even if copyrighted materials allegedly owned by Plaintiff were used by Defendant, the use was incidental and de minimis and is therefore not actionable.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Invalid Copyright Registration)**

The Complaint is barred, in whole or in part, because the registration upon which Plaintiff's right to bring the claims rest is invalid or otherwise obtained through fraud on the Copyright Office.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unauthorized Derivative (Infringing) Work/No Copyright Protection)**

The Complaint is barred, in whole or in part, because the work upon which Plaintiff brings its claims constitutes an unauthorized derivative (and, therefore, infringing) work and therefore is ineligible for copyright protection.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Alteration/Removal of Copyright Management Information)**

The Complaint is barred, in whole or in part, because neither Defendant nor anyone acting on his behalf removed or altered Copyright Management Information from

12

the Photographs without authorization.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (No Intentionality)

The Complaint is barred, in whole or in part, because neither Defendant nor anyone acting on his behalf intentionally removed or altered any Copyright Management Information from the Photographs.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (No Knowledge)

The Complaint is barred, in whole or in part, because neither Defendant nor anyone acting on his behalf distributed the Photographs with knowledge that Copyright Management Information had been removed or altered without authorization and neither Defendant nor anyone acting on his behalf knew or had reasonable grounds to know that any alteration or removal of Copyright Management Information from the Photographs, or distribution thereof, would induce, enable, facilitate, or conceal an infringement of any rights under Title 17 of the United States Code.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (No Willful Infringement)

The complaint is barred, in whole or in part, because Defendant has not engaged in the willful infringement of the allegedly copyrighted work.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (Vague/Uncertain/Speculative Damages)

The complaint is barred, in whole or in part, because Plaintiff's damages, if any, are vague, uncertain, imaginary, and speculative.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim for Statutory Damages)

Plaintiff has failed to state a claim upon which statutory damages can be awarded against Defendant.

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

## NINETEENTH AFFIRMATIVE DEFENSE
### (First Amendment/Free Speech)

The Complaint, and each of its claims for relief, is barred by the First and Fourteenth Amendments to the United States Constitution and Article 1, Section 2 of the California Constitution.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Statutory Damages Unconstitutional – Not Sufficiently Reprehensible Conduct)

The Complaint, to the extent that it seeks punitive and/or statutory damages against Defendant, violates Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, the alleged wrongful conduct at issue here is not sufficiently reprehensible to warrant any assessment of statutory damages, which would grossly exceed any actual damages to Plaintiff. Therefore, Plaintiff cannot recover statutory damages against Defendant in this case.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Statutory Damages Unconstitutional –
### Vague/Uncertain Criteria and Lack of Fair Notice)

The Complaint, to the extent that it seeks statutory damages against Defendant, violates Defendant's right to procedural and substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution because, among other things, of the vagueness and uncertainty of the criteria for the imposition of statutory damages and the lack of fair notice of what conduct will result in the imposition of such damages. Therefore, Plaintiff cannot recover statutory damages against Defendant in this case.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Statutory Damages Unconstitutional – Protection from Excessive Fines)

The Complaint, to the extent that it seeks statutory damages against Defendant

**DEFENDANT MOSCHINO S.P.A. ANSWER AND
COUNTERCLAIMS TO COMPLAINT**

violates Defendant's right to protection from "excessive fines" under Article 1, Section 17 of the California Constitution, and it violates Defendants' right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 of the California Constitution. Therefore, Plaintiff cannot recover statutory damages against Defendant in this case,

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Statutory Damages Unconstitutional – Equal Protection)

The imposition of statutory and/or punitive damages against Defendant would deny equal protection of the laws, in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 7 and Article IV, Section 16 of the California Constitution. Therefore, Plaintiff cannot recover statutory damages against Defendant in this case.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Copyright Misuse)

Plaintiff's claims for relief are barred, in whole or in part, by Plaintiff's copyright misuse.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Contributory Negligence)

The damage suffered by Plaintiff, if any, was partially or completely caused by Plaintiff's own contributory negligence.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (License/Consent/Acquiescence)

The Complaint is barred, in whole or in part, by license, consent and/or acquiescence.

/ / /

/ / /

/ / /

15

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

Plaintiff's claims are barred, in whole or in part, to the extent any fact finder might find infringement (which Defendant denies the existence of), because any infringement, if any, was innocent.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

Each and all of the purported causes of action asserted by Plaintiff in the Complaint is barred because Defendant's actions were not the proximate cause of any alleged damages suffered by Plaintiff.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Unforseeability)

Plaintiff's alleged damages were not contemplated or reasonably foreseeable and are therefore not recoverable in this action.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Good Faith)

The Complaint is barred, in whole or in part, because Defendant's conduct was reasonable, justified, in good faith and/or innocent.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Each and all of the purported causes of action asserted in the Complaint is barred because Plaintiff would be unjustly enriched if it prevailed on these causes of action.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by laches, in that Plaintiff has unreasonably delayed efforts to enforce his rights, if any, despite his full awareness of Defendant's actions.

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff's Complaint and each cause of action therein are barred in whole or in part by the doctrine of waiver.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

Defendant has competed fairly with Plaintiff and none of the acts of Defendant support claims of unlawful behavior, and all acts were and are justified and privileged under fair competition principles.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Fault of Another & Intervention)

The Complaint is barred, in whole or in part, because any damages allegedly suffered by Plaintiff was either wholly or in part the legal fault of persons, firms, corporations, or entities (including Plaintiff) other than Defendant, and that legal fault reduces the percentage of responsibility, if any, which is to be borne by Defendant.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The damage suffered by Plaintiff, if any, was aggravated by Plaintiff's failure to use reasonable diligence to mitigate any such damage.  Because Plaintiff failed to take adequate steps to minimize, alter, reduce, or otherwise diminish its damages, if any, with respect to the matters alleged in the Complaint, and by any reason of the foregoing, Plaintiff is barred from recovery of damages.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint is barred, in whole or in part, because Plaintiff has acted with unclean hands.

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Illegality)

The Complaint is barred, in whole or in part, because of the illegality of Plaintiff's conduct, including but not limited to the illegality of its conduct (and the conduct of its predecessor-in-interest) in creating the works at dispute in this suit.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (No Volitional Conduct)

The Complaint is barred, in whole or in part, because Defendant engaged in no volitional conduct that could give rise to liability.

## FORTIETH AFFIRMATIVE DEFENSE

### (Fraud)

The Complaint is barred, in whole or in part, because of Plaintiff's fraud.

## FORTY-FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

The Complaint is barred, in whole or in part, under the doctrine of estoppel.

## FORTY-SECOND AFFIRMATIVE DEFENSE

### (No Knowledge of Direct Infringement)

The Complaint is barred, in whole or in part, because Defendant neither had, nor should have had, knowledge of the infringing activities of the Direct Infringers.

## FORTY-THIRD AFFIRMATIVE DEFENSE

### (No Material Contribution to, Assistance with, or Inducement of Direct Infringement)

The Complaint is barred, in whole or in part, because Defendant did not materially contribute to, assist with, or engage in inducement of infringement by the Direct Infringers.

/ / /

/ / /

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

## FORTY-FOURTH AFFIRMATIVE DEFENSE

### (No Right and Ability to Control/Supervise Direct Infringers)

The Complaint is barred, in whole or in part, because Defendant lacked the right and ability to control or otherwise supervise the Direct Infringers and any infringing activity in which they may have engaged.

## FORTY-FIFTH AFFIRMATIVE DEFENSE

### (No Financial Benefit from Direct Infringement)

The Complaint is barred, in whole or in part, because Defendant did not obtain any financial benefit from any infringing activity of the Direct Infringers.

## COUNTERCLAIMS

Counterclaimant Moschino, S.P.A. ("Moschino" or "Counterclaimant"), brings these Counterclaims against Splash and Elder Ordonez (collectively "Counterdefendants") and reserves the right to add or amend Counterclaims based on further investigation and discovery. By and through their counsel, Moschino states the following Counterclaims in response to Plaintiff Splash's Complaint.

## PARTIES

1.      Moschino is an Italian entity organized under the laws of the country of Italy.

2.      On information and belief, Splash is an entity organized and existing under the State of Nevada with its principal place of business in Los Angeles, California.

3.      On information and belief, Elder Ordonez ("Ordonez") is an individual, has an exclusive working relationship with Splash, and currently resides in New York.

4.      DOES 1 through 10, inclusive, are unknown to Moschino, who therefore sues said Defendants by such fictitious names.  Moschino will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.  Moschino is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some

**DEFENDANT MOSCHINO S.P.A. ANSWER AND
COUNTERCLAIMS TO COMPLAINT**

manner for the events and happenings herein alleged, and that Moschino's damages as alleged herein were proximately caused by such Defendants.

## JURISDICTION AND VENUE

5.     This court has subject matter jurisdiction over the counterclaims under, at least, 17 U.S.C. § 101, 28 U.S.C. §§ 1331 and 1338.

6.     This Court has personal jurisdiction over Splash because Splash has its principal place of business in Los Angeles, California and it has purposefully availed itself of the benefits and protections of the laws of the State of California, asserted claims of copyright infringement against Moschino in this District, and voluntarily subjected itself to the Court's jurisdiction by filing a Complaint against Moschino in this District.

7.     On information and belief, this Court has specific jurisdiction over Ordonez because Ordonez exclusively works for Splash News whose principal place of business is in this District, and has purposefully availed himself of the benefits and protections of the laws of the State of California by, at least, conducting business systematically and continuously in this district.

8.     Venue for the counterclaims is proper in this District pursuant to at least 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9.     Moschino is a world-famous fashion brand, selling high-end apparel around the world at its own boutiques and at the world's highest-end department stores.

10.     Splash is a celebrity news agency that licenses images, videos, and stories to publishers around the world.

11.     On information and belief, Ordonez is a photographer of celebrities who exclusively does business with Splash.

/ / /

/ / /

/ / /

20

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

## MOSCHINO'S COPYRIGHT IN THE WORK "WHEN SPRING IS IN BLOOM"

12.    Counterclaimant Jeremy Scott designed and created the original work of authorship, embodied in a dress later worn by Cardi B, entitled "When Spring Is In Bloom (the "Work").

13.    The Work was registered to Moschino with the U.S. Copyright Office with Registration No. VA 2-181-038 (eff. June 18, 2018) in compliance with the Copyright Act.

14.    The Work was first published on March 22, 2018.

15.    Counterclaimant Moschino is the Copyright owner and Claimant and Defendant Scott is the author of the Work. (Exhibit 1, Certificate of Registration)

16.    On information and belief, Ordonez took, created and sold/licensed (to, at least, Splash) certain photographs of the Work, including but not limited to Images 1 and 2 that form the subject matter of this lawsuit, (collectively, the "Photographs") and thereby reproduced, distributed and publicly displayed copies of the Work (or materials substantially similar thereto), and/or prepared derivative versions thereof, for commercial purposes and profit. (Complaint, ¶ 16).

17.    On information and belief, Splash has reproduced, distributed, and publicly displayed copies of the Work (or materials substantially similar thereto), and/or prepared derivative versions thereof, by, among other things, further licensing said Photographs to third parties for commercial purposes and profit. (Complaint, ¶¶ 13a-b, 15, 16).

18.    Neither Moschino nor Scott have ever licensed any rights in the Work to Splash or provided it with any authorization or permission to make any use whatsoever of the Work.

19.    Neither Moschino nor Scott have ever licensed any rights in the Work to Ordonez or provided him with any authorization or permission to make any use whatsoever of the Work.

21

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

20. The Photographs therefore unlawfully depict the Work, thereby rendering the Photographs unauthorized derivative works that, among other things, lack their own copyright protection and constitute copyright infringements.

21. On information and belief, Splash first infringed Moschino's copyrights in the Work on or around May 9, 2018.

22. On information and belief, Ordonez first infringed the Moschino's copyrights in the Work on or around May 9, 2018.

23. As a sophisticated entity with full knowledge of the strictures of intellectual property law and as a frequent litigant in enforcing its own alleged copyright interests in infringement claims in myriad lawsuits before the federal courts, Splash knew or should have known that the Work was a copyright-protected original work of authorship of Moschino and Scott's.

24. As a sophisticated individual with full knowledge of the strictures of intellectual property law and as a frequent party-in-interest in Splash's enforcement of copyrights pertaining to works he has allegedly authored, Ordonez knew or should have known that the Work was a copyright-protected design of Moschino and Scott's.

25. In the event that Splash was not actually aware that the Work was a copyright-protected design of Moschino and Scott's, Splash at least acted with reckless disregard as to Moschino and Scott's rights in the Work.

26. In the event that Ordonez was not actually aware that the Work was a copyright-protected design of Moschino and Scott's, Ordonez at least acted with reckless disregard as to Moschino and Scott's rights in the Work.

## CLAIMS FOR RELIEF

### Count I: Copyright Infringement

*Against all Counterdefendants*

27. Moschino realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Counterclaims as if fully set forth herein.

22

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

28.  Counterclaimant Moschino is the owner of the Work named in these Counterclaims.

29.  Defendant Scott is the author of the Work named in these Counterclaims.

30.  Each Counterdefendant has unlawfully reproduced, distributed, and publicly displayed copies of the Work, and/or prepared unauthorized derivative versions thereof, without Counterclaimant or Scott's license, authorization, or permission.

31.  The foregoing acts of Counterdefendants have infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106.

32.  Moschino has suffered damages as a result of Counterdefendants' infringing activities.

33.  Moschino timely registered its copyright in the Work, and is thus entitled to elect statutory damages under 17 U.S.C. §§ 412 and 504(c).

34.  Moschino, on information and belief, alleges that the Counterdefendants' acts of infringement were willful, a finding that can increase the award of statutory damages to a sum of not more than $150,000 per infringement, as provided under 17 U.S.C. § 504(c)(2).

35.  Alternatively, Moschino is entitled to recover its actual damages and Counterdefendants' profits that are attributable to the infringement of the Work, per 17 U.S.C. § 504(b).

36.  Moschino also seeks a discretionary award of attorney fees and costs under 17 U.S.C. §§ 412 and 505.

**COUNT II: Vicarious and/or Contributory Infringement**

*Against all Counterdefendants*

37.  Moschino realleges and incorporates by reference the allegations contained in the preceding paragraphs of the Counterclaims as if fully set forth herein.

/ / /

/ / /

23

**DEFENDANT MOSCHINO S.P.A. ANSWER AND**
**COUNTERCLAIMS TO COMPLAINT**

38.     In the event Counterdefendants are not direct infringers of the Work, they are secondarily liable for the infringements that were directly committed by any individual agents, contractors, or other infringers presently unknown ("Direct Infringers").

39.     Counterdefendants knew that they were inducing, causing, or materially contributing to the infringing conduct of the Direct Infringers.

40.     The Direct Infringers infringed while acting under Counterdefendants control and direction and/or were using facilities, technology, and support services that were provided by Counterdefendants, and Counterdefendants possessed the right and ability to control said Direct Infringers.

41.     Counterdefendants obtained some direct financial benefit from the infringement by Direct Infringers because Counterdefendants,

42.     As a direct and proximate result of Counterdefendants' secondary infringement, Moschino has suffered substantial damages in an amount to be proven at trial.

43.     Moschino is entitled to recover its actual damages and Counterdefendants' direct and indirect profits that are attributable to the secondary infringement of the Work, or, in the alternative, statutory damages.

44.     Moschino on information and belief, allege that the Counterdefendants' acts of secondary infringement were willful which can increase the award of statutory damages to a sum of not more than $150,000 per infringement, as provided under 17 U.S.C. § 504(c)(2).

45.     Moschino also seeks a discretionary award of attorney fees and costs under 17 U.S.C. § 505.

### PRAYER FOR RELIEF

WHEREFORE, Counterclaimant Moschino request the following:

A.     A preliminary and permanent injunction against Counterdefendants and anyone working in concert with them from further copying, displaying, distributing,

24

**DEFENDANT MOSCHINO S.P.A. ANSWER AND**
**COUNTERCLAIMS TO COMPLAINT**

selling, or offering for sale copies of the Work, materials substantially similar thereof, and unauthorized derivative works based off of the Work, including but not limited to the Photographs, as described in the Counterclaims;

B.     Impoundment of all copies of any unauthorized derivative works based off of the Work, as described in the Counterclaims, per 17 U.S.C. § 503, including any digital copies or any other means by which they could be used again by Counterdefendants without Moschino's authorization, as well as all related documents and records;

C.     An order requiring Counterdefendants to account to Moschino their profits and any damages sustained by Moschino arising from the acts of infringement;

D.     Actual damages and all profits derived from the infringing conduct complained of herein, or, where applicable and at Moschino's discretion, statutory damages;

E.     An award of pre-judgment interest as allowed by law;

F.     Reasonable attorney fees;

G.     Court costs, expert witness fees, and all other amounts authorized under law; and

H.     Any other relief as the Court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**DEFENDANT MOSCHINO S.P.A. ANSWER AND COUNTERCLAIMS TO COMPLAINT**

1

## JURY TRIAL DEMAND

2

Defendant Moschino respectfully requests a jury trial on all issues so triable.

3

4   Dated: January 6, 2020                Respectfully submitted,
                                          David J. Williams
5                                         C.J. Veverka
                                          (*pro hac vice forthcoming*)
6                                         Alexis K. Juergens
7                                         (*pro hac vice forthcoming*)
                                          MASCHOFF BRENNAN
8

9                                         By:  */s/ David J. Williams*
10                                            David J. Williams

11                                        ATTORNEYS FOR DEFENDANT AND
12                                        COUNTERCLAIMANT MOSCHINO S.P.A.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT MOSCHINO S.P.A. ANSWER AND
COUNTERCLAIMS TO COMPLAINT**